Jeremiah D. Weiner (CSBA No. 226340)
Douglas MacCourt (OSBA No. 890780)
  *Application for Pro Hac Vice To Be Submitted Concurrently Herewith*
Lucas T. Christian (CSBA No. 320014)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com
dmaccourt@rosettelaw.com
lchristian@rosettelaw.com

*Attorneys for the Klamath Tribes,*
*Plaintiffs in Case No. 3:18-cv-03078*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOOPA VALLEY INDIAN TRIBE, | Case No. 16-cv-04294-WHO |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| vs. | [N.D. Cal. Civil L.R., 3-12, 7-11] |
| BUREAU OF RECLAMATION OF THE DEPARTMENT OF THE INTERIOR OF THE UNITED STATES OF AMERICA, et al., | Judge: The Honorable William H. Orrick |
| Defendants | |
| YUROK TRIBE, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, INSTITUTE FOR FISHERIES RESOURCES, and KALAMATH RIVERKEEPER, | Case No. 16-cv-06863-WHO |
| Plaintiffs, | |
| vs. | |
| U.S. BUREAU OF RECLAMATION, and NATIONAL MARINE FISHERIES SERVICE, | |
| Defendants. | |

1    THE   KLAMATH   TRIBES,   a   federally
     recognized Indian Tribe,

2
                    Plaintiff,
3
                    vs.
4
     UNITED   STATES   BUREAU   OF
5    RECLAMATION; UNITED STATES FISH &
     WILDLIFE   SERVICE;   NATIONAL   MARINE
6    FISHERIES SERVICE

7
                    Defendants.
8

Case No. 18-cv-03078

9    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

10          Pursuant to Civil Local Rules 3-12(b) and 7-11, the Klamath Tribes, plaintiff in *Klamath Tribes*

11   *v. United States Bureau of Reclamation*, 3:18-cv-03078, hereby bring this Administrative Motion to

12   Consider Whether Cases Should be Related ("Motion").  The Klamath Tribes respectfully request the

13   Court relate the Klamath Tribes' action to two related actions assigned to United States District Court

14   Judge William Orrick in this District: *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No.

15   3:16-cv-04294-WHO, and *Yurok Tribe v. United States Bureau of Reclamation*, No. 3:16-cv-06863-

16   WHO.  [Related Case Order at 1, Yurok Tribe v. United States Bureau of Reclamation, No. 3:16-06863-

17   WHO (Dec. 6, 2016), ECF No. 20].  The reason for this Motion is *Hoopa Valley Tribe* and *Yurok Tribe*

18   are both "related" to the Klamath Tribes' action within the meaning of Civil Local Rule 3-12(a).

19          "An action is related to another when: (1) The actions concern substantially the same parties,

20   property, transaction or event; and (2) It appears likely that there will be an unduly burdensome

21   duplication of labor and expense or conflicting results if the cases are conducted before different

22   Judges."  Civil L.R. 3-12(a).  Both *Hoopa Valley Tribe* and *Yurok Tribe* satisfy this definition.  Those

23   actions and the Klamath Tribes' action all concern the same parties, property, transaction and events,

24

ADMINISTRATIVE MOTION TO CONSIDER          2          CASE NO. 16-cv-04294
WHETHER CASES SHOULD BE RELATED

and relating the actions would avoid unduly burdensome duplication of labor and expense as well as the risk of conflicting results.

All three actions concern the impacts on endangered fish species resulting from the Bureau of Reclamation's ("Reclamation") operation of the Klamath Irrigation Project ("Project") in Northern California and Southern Oregon and the associated "Biological Opinions on the Effects of Proposed Klamath Project Operations from May 31, 2013, through March 31, 2023, on Five Federally Listed Threatened and Endangered Species" ("2013 BiOp"), jointly issued by the United States Fish & Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS").   [Complaint of Plaintiff Klamath Tribes at ¶¶ 2–6, *Klamath Tribes v. United States Bureau of Reclamation*, No. 3:18-cv-03078 (May 23, 2018), ECF No. 1 ("Klamath Tribes Complaint"); Complaint of Plaintiff Hoopa Valley Tribe at ¶¶ 1–13, *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No. 3:16-cv-04294-WHO (July 9, 2016), ECF No. 1 ("Hoopa Valley Tribe Complaint"); Complaint of Plaintiff Yurok Tribe at ¶¶ 1–4, *Yurok Tribe v. United States Bureau of Reclamation*, No. 3:16-06863-WHO (Nov. 29, 2016), ECF No. 1 ("Yurok Tribe Complaint")].  All three federal agencies are defendants to the Klamath Tribes' action, and Reclamation and NMFS were named as defendants before this Court in both *Hoopa Valley Tribe* and *Yurok Tribe*. [Klamath Tribes Complaint; Hoopa Valley Tribe Complaint; Yurok Tribe Complaint].

Most significantly, all three actions seek to impose parameters on the future conduct of Reclamation, FWS, and NMFS with respect to the Project and related Endangered Species Act consultation. The Hoopa Valley Tribe and Yurok Tribe requested, and this Court granted, an order requiring releases of protective water flows into the Klamath River to mitigate harm to Southern Oregon/Northern California Coast ("SONCC") coho salmon from ceratanova shasta infection. [Order Re Motions for Summary Judgment, Motions to Strike, and Motion to Dismiss at 46–53, *Yurok Tribe v. United States Bureau of Reclamation*, No. 3:16-06863-WHO (Feb. 8, 2017), ECF No. 62; *Hoopa Valley Tribe v. United States Bureau of Reclamation*, No. 3:16-cv-04294-WHO (Feb. 8, 2017), ECF No. 102

("Order")]. The Klamath Tribes, for their part, request an order requiring directing Reclamation to maintain certain elevation levels in Upper Klamath Lake for the protection of C'waam (Lost River sucker, *Deltistes luxatus*) and Koptu (shortnose sucker, *Chasmistes brevirostris*), two endangered sucker species endemic to the Klamath River Basin. [Klamath Tribes Complaint at ¶¶ 78–97]. As this Court has observed, the release of protective flows to combat the certanova shasta infection among SONCC coho salmon has the potential to impact the two sucker species central to the Klamath Tribes' action, as these protective flows must be drawn from the same watershed for which Upper Klamath Lake serves as a principal reservoir. [Order at 44–46; *see also* Hoopa Valley Complaint at ¶ 2 ("[Reclamation] controls diversions and releases of water from Upper Klamath Lake which in turn substantially affect flow levels in the Klamath River downstream . . . .")]. In acknowledgement of this potential causal nexus, this Court has already ordered that any plan for the release of protective flows submitted by the parties to *Yurok Tribe* and *Hoopa Valley Tribe* must not "interfere with conditions necessary to protect the endangered sucker fish." [Order at 53].

In another point of relation, the Hoopa Valley Tribe and Yurok Tribe have obtained an order from this Court directing Reclamation and NMFS to reinitiate Endangered Species Act consultation regarding the impacts of the Klamath Project on SONCC coho salmon in the Klamath River. [Order at 52–53; *see generally* Hoopa Valley Complaint at ¶¶ 1, 10; Yurok Complaint at ¶¶ 3, 79–100]. The Klamath Tribes seek an order directing this re-consultation to also address the imminent threats to the continued existence of the C'waam and Koptu in and around the Upper Klamath Lake, which serves as the primary water source for the Klamath River. [Klamath Tribes Complaint at ¶¶ 98–106]. Furthermore, all three actions call into question the continued validity of the 2013 BiOp. [Klamath Tribes Complaint at ¶¶ 98–106; Hoopa Valley Complaint at ¶¶ 10–12; Yurok Complaint at ¶¶ 101–117].

Recent history instructs that attempting to craft separate biological opinions for separate areas of Klamath Irrigation Project operations may lead to conflicting and unsatisfactory conclusions which fail

to ensure the protection of endangered species. In 2007 FWS issued a biological opinion addressing the impacts of the Project on the C'waam and Koptu, and in 2010 NMFS separately addressed impacts on the SONCC coho salmon.  [2013 BiOp at § 2.1].  Shortly thereafter, the agencies realized that these two biological opinions provided conflicting standards for Upper Klamath Lake elevations in certain water years.  Consequently, NMFS, FWS, and Reclamation began efforts towards a global biological opinion covering the entirety of Project operations, a process which resulted in the issuance of the joint FWS and NMFS 2013 BiOp.  [2013 BiOp at §§ 2.2, 3 (defining "action area")].  Bringing all claims relating to the 2013 BiOp and related re-consultation efforts under the oversight of the same judge would facilitate a similarly global and internally-consistent approach among Reclamation, FWS, and NMFS in responding to the issues raised in the three actions, while avoiding the administrative and substantive shortcomings of the prior, short-lived biological opinions.

As all three actions relate to specifically to Reclamation's release of waters from Upper Klamath Lake into the Klamath River, the adequacy of the 2013 BiOp, and related Endangered Species Act consultation efforts, there is a high risk of conflicting results should the Court decline to relate *Klamath Tribes* to the two prior actions.  Furthermore, this Court has already invested scarce judicial resources in familiarizing itself with the history of the Project, key environmental and hydrological parameters affecting the Project, its effects on hydrological conditions and wildlife within the Klamath River Basin, the consultation efforts which resulted in the 2013 BiOp, and the substance of the 607-page 2013 BiOp itself, as well, no doubt, as numerous other significant details. Thus, relating the Klamath Tribes' action will avoid the need for duplication of these substantial efforts and associated expense.

## CONCLUSION

For the foregoing reasons, relating the Klamath Tribes' action to the Yurok Tribe's and Hoopa Valley Tribe's actions concerning the Project will further the policies of this Court to conserve judicial resources and avoid conflicting results by having cases concerning the same parties, property,

transaction or event heard by the same judge.  Pursuant to Civil Local Rules 3-12 and 7-11, the Klamath Tribes respectfully submit this Court should grant an order relating *Klamath Tribes v. Bureau of Reclamation*, 18-cv-03078, to both *Hoopa Valley Tribe v. Bureau of Reclamation*, No. 16-cv-04294, and *Yurok Tribe v. Bureau of Reclamation*, No. 16-cv-06863, which are assigned to United States District Court Judge William Orrick.

Furthermore, due to the timing of this request, preceding any appearance by any defendant to the Klamath Tribes' action, the Klamath Tribes are unable to obtain a stipulation as set forth more fully in the Declaration attached hereto as **Exhibit A**.

RESPECTFULLY SUBMITTED 23rd day of May, 2018.

ROSETTE, LLP

Jeremiah D. Weiner (CSBA No. 226340)
Douglas MacCourt (OSBA No. 890780)
 *Application for Pro Hac Vice To Be Submitted*
 *Concurrently Herewith*
Lucas T. Christian (CSBA No. 320014)
Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
jweiner@rosettelaw.com
dmaccourt@rosettelaw.com
lchristian@rosettelaw.com

*Attorneys for Plaintiff*
*The Klamath Tribes*